IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

_____

|  |  |
|---|---|
| Ricardo Guillen Valdez, on his own behalf and On Behalf Of all Individuals Similarily Situated | ) ) ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| Ur Mendoza Jaddou, Director, | ) |
| U.S. Citizenship and Immigration Services | ) |
| ("USCIS"); | ) |
| David Roark,Director, USCIS Texas Service | ) |
| Center, | ) |
| Alejandro Mayorkas, Secretary, | ) |
| U.S. Department Homeland Security ("DHS"); | ) |
|  | ) |
| Defendants. | ) |

_____

## COMPLAINT FOR MANDAMUS, APA JUDICIAL REVIEW & DECLARATORY RELIEF

**COMES NOW**, Plaintiff, Ricardo Guillen Valdez, on his own behalf and on behalf of all other individuals similarly situated, by and through the undersigned counsel, hereby sues Defendants, Ur Mendoza Jaddou, as Director of U.S. Citizenship and Immigration Services ("USCIS"), David Roark, as the Director of the Texas Service Center, and Alejandro Mayorkas, as Secretary of U.S. Department Homeland Security ("DHS"), and alleges as follows:

## JURISDICTION

1. This is an action for Mandamus, 28 U.S.C. §§ 1361, 1651, APA Judicial Review, 5 U.S.C. § 702 et seq., and Declaratory Relief, 28 U.S.C. § 2201, in combination with federal question jurisdiction, 28 U.S.C. § 1331 in regards to U.S. Citizenship and Immigration Services' refusal to

accept and process Plaintiff and All Other Similarly Situated Form I-589 Application for Asylum and for Withholding of Removal in the United States. Plaintiff and All Other Similarly Situated have attempted to timely file a Form I-589 Application for Asylum and for Withholding of Removal with the USCIS Texas Service Center.   USCIS has failed to confirm receipt of the application. USCIS has a mandatory, non-delegable duty to accept and process the application for asylum. 8 U.S.C. § 1158; INA§ 208 *et seq.*

## JURISDICTION

2.  This Court has jurisdiction pursuant to the federal question jurisdiction, 28 U.S.C. § 1331, in combination with the Administrative Procedures Act, 5 U.S.C. § 701 et seq. See Califano v. Sanders, 430 U.S. 99 105-107 (1977).

3.  The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by an agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

4.  This Court may hold unlawful or set aside agency actions not in accordance with the law. 5 U.S.C. § 706(2)(A).

5.  For the purposes of 5 U.S.C. § 704, Plaintiff and the Plaintiffs All Other Similarly Situated lack any statutorily, regulatory, or administrative remedy as they have attempted to file their asylum application with USCIS and have not received adequate response. Therefore, the instant suit is properly filed. 5 U.S.C. § 704 ("[a]gency action made reviewable by status and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

6.  Pursuant to 28 U.S.C. § 2201, this Court may, in the case of actual controversy, "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201.

7. Pursuant to 28 U.S.C. § 1361, Action to Compel An Officer Of The United States to Perform His Duty, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

8. Jurisdiction is not stripped from this Court by 8 U.S.C. § 1252 et seq., as this action is not a request to review a removal order.

## VENUE

9. Venue properly lies in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(e)(1)(B), (C), in that this is an action against U.S. officers in their official capacity brought in the District where a substantial part of the events and/or omissions giving rise to Plaintiff's claims have occurred, and where Plaintiff resides as no real property is involved in this action.

## PARTIES

10. Plaintiff, Ricardo Guillen Valdez (hereinafter referred to as "Plaintiff") resides in the State of Florida, is *sui juris*, submitted his immigration application to the Texas Service Center, and is within the jurisdiction of this Court.

11. Other Plaintiffs similarly situated (hereinafter referred to as "Plaintiffs") are individuals who reside in the State of Florida and submitted their Asylum application to the Texas Service Center and whose status is similar/identical to Plaintiff.

12. Defendant Ur Mendoza Jaddou is the Director of United States Citizenship and Immigration Services (USCIS) of the Department of Homeland Security (DHS). He is sued in his official capacity based upon his responsibility to administer and enforce the laws relating to immigration and naturalization in the United States.

13. Defendant David Roark, is the Director of the United States Citizenship and Immigration Services ("USCIS") Texas Service Center, the service center responsible for the adjudication of Plaintiff's Form I-589.  Defendant is sued in his official capacity.

14. Defendant Alejandro Mayorkas, Secretary of the Department of Homeland Security, is charged with administering and enforcing the laws governing immigration and naturalization. Defendant is sued in his official capacity.

## CLASS ACION ALLEGATIONS

15. Plaintiff and Plaintiffs are all individuals who have filed a Form I-589, Application for Asylum and for Withholding of Removal with the Texas Service Center for the United States Citizenship and Immigration Services and have not received any confirmation/receipt notice.

16. A joinder of each individual is impracticable.

17. Plaintiff is a representative of the Class, All Other Individuals Similarly Situated, due to the fact that he is an applicant who has been waiting for confirmation/receipt notice from USCIS regarding his application since May 31, 2022.

18. Plaintiff and the Plaintiffs are also referenced herein as "Claimants".

19. A Receipt Notice is the only available recourse/manner to confirm proof that an application for Asylum and Withholding of Removal has been received and is being processed by USCIS.

20. The question of law and fact relating to the representative Plaintiff are similar and common to the law and fact questions, which would be raised by other members of the class if they were individually named Plaintiffs herein. Similarly, the claims and defenses to be raised by and against the parties herein are typical of the claims and defenses, which would be raised by the members of the class if they were a party to this action.

21. To date, Plaintiffs currently has eighteen (18) members, all of who have been damaged by the Defendants.

22. Claimants in this case seek relief against Defendant in the following areas:

USCIS has a duty to adjudicate any application for any immigration benefit. Pertinent portion of 8 C.F.R. § 103.2 - Submission and Adjudication of Benefits Requested – (a)(7)(i)- Benefits Requests Submitted:

> USCIS will consider a benefit request received and will record the receipt date as of the actual date of receipt at the location designated for filing such benefit request whether electronically or in paper format.

23. As of today, USCIS has failed to provide a receipt notice to Claimants and there have been no further updates regarding their applications.

24. The questions of law and fact common to the members of the class which will be raised and adjudicated herein predominate over any questions affecting only the individual Plaintiff or individual members of the class.  As a result, this class action is the optimal method for reaching a fair and efficient adjudication of the controversies raised herein.

25. Plaintiff as the representative party for the class will fairly and adequately protect the interests of the class in this action.

26. The relief sought herein is for the benefit of all members of the class.

27. Prosecution of this matter by individual members of the class would only create a risk of inconsistent and varying adjudication and the establishment of incompatible standard by defendant and adjudication, which may be dispositive of the interest of the other class members.

## **CAUSE OF ACTION**

28. Claimants repeat and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29. The United States Government is obligated by the Immigration and Nationality Act and international law to hear the asylum claims of noncitizens.

30. The Immigration and Nationality Act provides that "[a]ny alien who is physically present in the United States or who arrives in the United States … irrespective of such alien's status, may apply for asylum in accordance with the section this section or, where applicable, section 235(b)." 8 U.S.C. § 1158(a)(1); INA § 208(a)(1).

31. An asylum application is considered timely filed if the alien demonstrates by clear and convincing evidence that the application has been filed within one (1) year after the date of the alien's arrival in the United State, unless the applicant demonstrates extraordinary circumstances relating to the delay in filing. INA §§ 208(a)(2)(B), (D).

32. The Department of Homeland Security regulations states that extraordinary circumstances may include:

> (v) The applicant filed an asylum application prior to the expiration of the 1-year deadline, but that application was rejected by the Service as non-properly filed, was returned to the applicant for corrections, and was refilled within a reasonable period thereafter;

8 C.F.R. § 208.4(5)(iv)-(v).

33. USCIS has a duty to adjudicate any application for any immigration benefit. Pertinent portion of 8 C.F.R. § 103.2 - Submission and Adjudication of Benefits Requested – (a)(7)(i)- Benefits Requests Submitted:

> USCIS *will* consider a benefit request received and *will* record the receipt date as of the actual date of receipt at the location designated for filing such benefit request whether electronically or in paper format.

8 C.F.R. § 103.2 (a)(7)(i) *(emphasis added)*

34. Between November 2021 and September 2022, Claimants timely submitted their Form I-589 Application for Asylum and Withholding of Removal to the Texas Service Center for the United States Citizenship and Immigration Services. As of today, USCIS has failed to provide a receipt notice to Claimants and there have been no further updates regarding their applications.

35. USCIS advises applicants that they "*should* receive a receipt notice within 30 days after filing at a Service Center or 30 days after filing at a Lockbox." *(emphasis added)* (See USCIS Non-Delivery of Notice website instructions attached hereto as *Exhibit A).*

36. While USCIS does have an online portal to request status of Non-delivery of Notice, the Claimants cannot use such portal since it requires a Receipt Number. (See Screenshot attached hereto as *Exhibit B*).

37. The Claimants cannot view the Receipt Notice on a USCIS online account because the USCIS online account requires the Receipt Number.

38. Because there is a statutory obligation to consider a benefit request received and record the receipt date, USCIS must provide notice of receipt.

39. Accordingly, USCIS has a mandatory, non-discretionary duty to provide notice to Claimants. 5 U.S.C. 706(1).

40. USCIS has unreasonably delayed the Claimants ability to apply for Employment Authorization and/or a Social Security Number.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, RICARDO GUILLEN VALDEZ, on his own behalf and on behalf of all other individuals similarly situated, respectfully requests that this Honorable Court:

1. Accept jurisdiction and review U.S. Citizenship and Immigration Services' failure and refusal to accept and process Plaintiffs' Asylum Application, and timely provide a receipt notice;

2. Declare, pursuant to 28 U.S.C. § 2201, that U.S. Citizenship and Immigration Services' refusal to process Plaintiffs' Asylum Application is arbitrary, capricious, and unlawful. 5 U.S.C. § 706(2)(A);

3. Order, pursuant to 28 U.S.C. §§ 1361, 1651, U.S. Citizenship and Immigration Services to accept, process, and issue a receipt notice for Plaintiffs' Asylum Application on a *nunc pro tunc* basis pursuant to INA § 208(a)(2)(B); and

4. Award Plaintiff attorneys' fees and costs as permitted under 28 U.S.C. §§ 2412(a)–(b);

Dated: November 2, 2022

Respectfully submitted,

Eduardo Soto, P.A.
Attorney for Plaintiff
999 Ponce de Leon Blvd., Suite 1040
Coral Gables, Florida 33134
Tel.: (305) 446-8686 Fax.: (305) 529-0445
Email: federal@esotopa.com

By: *Eduardo R. Soto*
    Eduardo R. Soto, Esq.
    FBN: 0858609

# **EXHIBIT LIST**

Exhibit A –          USCIS Non-Delivery of Notice Website instructions

Exhibit B –          Screenshot requiring Reciept Number